Dakgan, Ch.
delivered the opinion of the Court.
The defendant, Chovin, was not the guardian of the complainant’s wife, but the administrator de bonis non with the will annexed of her father’s estate. By virtue of his administration he became possessed of the estate of the complainant’s wife, who was an infant, and' who resided with him, he having married her mother, the widow of the testator, Daniel 'W. McKenzie. In settling with the complainant’s wife for the share to which she was entitled under her father’s will, the defendant, Chovin, set up charges against her for disbursements made in the way of maintenance and education, which, if they do not swallow up, encroach largely on, the capital of her estate.
The Chancellor’s decree disallowing those charges that encroached upon the corpus of the infant’s estate, was in accordance with the plainest principles which govern the decisions of this Court in cases like the present. Placing the defendant in the most favorable point of view, and regarding him in the character of a guardian, such must be the result.— A guardian will not be permitted to expend upon the maintenance and education of his ward, more than the income of the estate, without the sanction of the Court. The Court itself, on an application, proper as to time, would proceed with the utmost degree of caution, and would withhold its sanction, except in a case of strong necessity or advantage to the ward, very clearly made out. In a case where the ward had considerable expectancies, or his estate had not yet been reduced to possession, or he was likely to suffer for the common necessaries of life, or exhibiting fine talents, it was dpsirable to expend his small estate in his education, with a view to his future advancement m life; in these and similar instances of necessity or advantage to the ward, the Court would authorize the expenditure of the capital of his estate. *43 The Master of the Rolls in Walker v. Wetherell, says “ my impression is, that the rule has been never to permit trustees, of their own authority, to bleak in.upon the capital. I am not aware that the Court has ever sanctioned that conduct in a trustee. It very rarely has occurred, that the Court itself has broken in upon the capital for the mere purpose of maintenance; though frequently for the purpose of putting the child out in life; but as to mere maintenance, I doubt it, even upon a petition presented. It is a great misfortune if the capital is so small as not to leave a comfortable maintenance and education ; but what can the Court do?
'
& wife v- Logan, Speer¿c*-' '
" But whatever might be done upon particular circumstances, it is impossible to sanction a trustee in breaking in upon the capital. There are no particular circumstances in this instance upon the one side or the other. It is not shown that there were expectancies of fortune, which made it necessary to provide a suitable education. The capital might be exhausted in a few years. On the other hand, no particular extravagance upon the part of the executor appears. On the contrary, applications were made to him by some of the executors, stating that the children could not live upon the interest. This claim is therefore ungiacious. But it is ter that an individual should suffer a hardship, than that a general rule of the Court should be broken through, in a point that would endanger the interests of all children.”
When we turn to the facts of the case under consideration, we find that the expenditures were in the highest degree improper, and such as would not have been sanctioned if an application had been previously made to the Court. They were for an expensive education, a piano, harp, wardrobe, &e., that were unsuited to the condition and estate of the infant.
It was said in the argument, that Mrs. Villard had other estate or expectancies ; but to what amount was not stated. Such a fact, if it existed, does not appear in the brief, nor in the Master’s report, as it should, and was not submitted to the Chancellor. But if it had, I am not prepared to say, that it would have varied the decree. The objectionable expenditures run through a course of years, during which it was easy to have made application for the sanction of the Court. An expenditure made upon an emergency, suddenly arising and acted on by the guardian, might afterwards be sanctioned by the Court, where it proved to have been for the benefit of the ward. But these unauthorized encroachments upon the capital, by the guardian or trustee, are not to be encouraged, and it must be a strong case that would be exempt from the operation of the general rule.
As to the second giound of appeal, that the Chancellor did not decree a restoration to the defendant of the piano, harp, *44 (fee., it is sufficient to say these questions were not made in tjrie p|eachtjgS. Jf Mr. Chovin has a right to these articles, he must assert it in the.proper way.
qqie decree of the Circuit Court is affirmed, and the appeal dismissed.
The whole Court concurred.

Decree affirmed.